UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMIKA McDONALD,<br><br>    Plaintiff,<br><br>v.<br><br>PREMIER PARKING SERVICES, LLC,<br><br>    Defendant. | Case No. 3:18-cv-01395<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

In this Title VII employment discrimination action, pro se and *in forma pauperis* Plaintiff Tamika McDonald alleges that her former employer, Defendant Premier Parking Employee Services, LLC, terminated her from her position as a valet driver because she is African American. (Doc. Nos. 1, 1-1.) Premier has filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b), arguing that this action should be dismissed with prejudice because McDonald has refused to testify at two properly noticed and mutually scheduled depositions. (Doc. No. 17.) McDonald responded in opposition, explaining that she did not testify because she does not have a lawyer. (Doc. No. 20.) Premier filed a reply. (Doc. No. 21.) For the reasons that follow, the Magistrate Judge will recommend that Premier's motion to dismiss be denied and that McDonald be given one final opportunity to participate in her deposition.

I.    **Factual and Procedural Background**

McDonald filed this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., on December 26, 2018, naming Premier and three managerial employees as defendants. (Doc. No. 1.) On October 12, 2018, Premier suspended McDonald after a client complained that

McDonald was smoking cigarettes while working as a valet driver. (*Id.*) McDonald was fired on October 31, 2018. (*Id.*) McDonald states that other Premier valet drivers who had complaints filed against them were not fired and were instead transferred to another Premier location. (*Id.*) McDonald alleges that she was fired because of her race and seeks damages.[1] (Doc. No. 1.)

The Court screened McDonald's complaint under 28 U.S.C. § 1915(e)(2), allowing only her Title VII discrimination claim against Premier to proceed. (Doc. No. 6.) After Premier answered the complaint (Doc. No. 12), the Court entered a scheduling order which, among other things, set September 1, 2019, as the discovery deadline and May 1, 2020, as the target trial date (Doc. No. 13). McDonald then filed a motion to appoint counsel (Doc. No. 15), which the Court denied (Doc. No. 16).

On July 11, 2019, Premier notified McDonald of its intent to depose her. (Doc. No. 17-2.) After corresponding via text message, the parties selected August 15, 2019, for McDonald's deposition and Premier sent McDonald a formal notice of deposition for that date. (Doc. No. 17-3.) McDonald appeared for the deposition but refused to testify, stating that she wanted to continue the deposition until after she had retained an attorney, which she was in the process of doing. (Doc. No. 17-4.) Premier responded that the Court's discovery deadline was approaching and stated that it could seek to sanction McDonald for her refusal to participate in her deposition. (*Id.*) McDonald agreed to contact Premier's attorney within one week to reschedule the deposition. (*Id.*)

Premier sent McDonald a letter memorializing that agreement and reiterating that August 30, 2019, was the last non-holiday weekday before the Court's discovery deadline. (Doc. No. 17-5.) Premier explained that McDonald would be expected to appear for and participate in her

---

[1] The facts in this paragraph are drawn from McDonald's complaint (Doc. No. 1) and taken as true.

deposition on that date unless she or her attorney contacted Premier to schedule an alternative date. (*Id.*) A notice of deposition setting McDonald's deposition for 10:00 am on Friday, August 30, 2019, was attached to the letter. (*Id.*) McDonald received the letter and the attached notice, but again refused to be deposed because she did not have an attorney. (Doc. No. 17-6.) McDonald stated that she would definitely be able to retain counsel after receiving her income tax return and that she had time to do so given that her "court date" was not until May 1, 2020. (*Id.* at PageID# 127.) Premier informed McDonald that it would file a motion to dismiss for failure to prosecute based on McDonald's refusal to be deposed. (Doc. No. 17-6.)

Now before the Court is Premier's motion to dismiss under Rule 41(b). (Doc. No. 17.) Premier argues that it has been prejudiced by McDonald's refusal to testify at her depositions and requests dismissal of this action with prejudice. (Doc. No. 18.) Premier also asks the Court to award Premier the costs and fees it incurred in connection with the motion to dismiss. (*Id.*) McDonald filed a two-sentence response stating that she did not testify because she did not have a lawyer and asking the Court not to dismiss her case. (Doc. No. 20.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

### III. Analysis

As the Court explained in its order denying McDonald's request for appointed counsel, there is no constitutional right to be represented by a lawyer in a civil proceeding, *see Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Accordingly, McDonald's desire to retain counsel is not a reason to refuse to testify at a properly noticed deposition. McDonald is at fault for that refusal, which has prejudiced Premier. However, because Premier did not raise this issue to the Court before seeking the ultimate sanction of dismissal, and because the Court has not yet notified

4

McDonald that her refusal to be deposed may lead to the termination of her action, the Magistrate Judge will recommend that Premier's motion to dismiss for failure to prosecute be denied.

### A. Fault

McDonald is at fault for refusing to testify at her depositions. A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). McDonald does not argue that either of the attempted depositions was improperly noticed. She therefore she was required by the Federal Rules of Civil Procedure to appear for and participate in those depositions. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). McDonald's desire to retain counsel does not alter that conclusion—McDonald has no right to counsel for any part of these proceedings and her pro se status does "not exempt [her] from the requirements of the Federal Rules of Civil Procedure[.]" *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 691 (W.D. Tenn. 2014) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Accordingly, even if McDonald's refusal to be deposed does not reflect bad faith, it still constitutes fault. *See, e.g.*, *Burgess v. McAuther*, No. 5:12CV-P181, 2016 WL 2892157, at *2 (W.D. Ky. May 17, 2016) (finding pro se plaintiff at fault for failing to participate in his own deposition despite plaintiff's desire for representation). This factor weighs in favor of dismissal.

### B. Prejudice

Premier has been prejudiced by McDonald's conduct. The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at

739 (same). Because of McDonald's refusal to be deposed, Premier's counsel and other personnel wasted the time spent preparing for McDonald's unsuccessful depositions and communicating with McDonald regarding their scheduling. (Doc. No. 18.) Premier also expended time drafting the pending motion to dismiss. McDonald was obligated to participate in her depositions, and Premier should not have had to devote time and resources to seeking her cooperation. *See Greene v. Xenia Police Dep't*, No. 3:07CV034, 2007 WL 4510252, at *3 (S.D. Ohio Dec. 18, 2007) (concluding that pro se plaintiff's failure to show up at his deposition prejudiced defendants, who had appeared at that deposition and then filed a motion to dismiss for failure to prosecute). This factor also weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis, *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615), and one that counsels against dismissal here. The Sixth Circuit "has repeatedly 'reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'" *Wu*, 420 F.3d at 644 (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Premier states that it "expressly warned" McDonald "in correspondence and at her depositions" that she must testify or risk dismissal of her case and argues that those warnings amount to adequate notice under Rule 41(b). (Doc. No. 18, PageID# 143.) But Premier did not raise this issue to the Court before filing its motion to dismiss and the Court has not had the opportunity to notify McDonald that further non-compliance will result in dismissal. *See Wu*, 420

6

F.3d at 644. Premier has not pointed to any controlling authority to support its position that warning from an opposing party is enough.[2] This factor weighs against dismissal.

### D. Appropriateness of Other Sanctions

Premier's requested sanction of dismissal is not warranted at this time. Premier speculates that less-drastic sanctions would be futile because McDonald has made it clear that she will not testify without an attorney and there is no indication that McDonald will be able to retain one in the foreseeable future. (Doc. No. 18.) But Premier has not attempted to obtain lesser sanctions. Courts have declined to proceed directly from a pro se plaintiff's failure to cooperate in a deposition to dismissal of the action. *See Jackson v. Perala*, No. 2:18-cv-0015, 2019 WL 1981970, at *2 (W.D. Mich. Apr. 3, 2019) (declining to dismiss action under Rule 41(b) where court "ha[d] not imposed any other sanctions in [the] case"), *report and recommendation* adopted, 2019 WL 1978427 (W.D. Mich. May 3, 2019); *Logan v. MGM Grand Detroit Casino*, No. 16-10585, 2017 WL 896176, at *1 (E.D. Mich. Mar. 7, 2017) (rejecting defendant's Rule 41(b) motion where defendant had not filed a motion seeking to compel discovery and/or a motion for sanctions under Rule 37(d)). This factor weighs against dismissal.

However, that does not mean that McDonald can continue her conduct with impunity. McDonald is required to testify at a properly noticed deposition whether or not she is represented by an attorney. This Report and Recommendation serves as notice that her case may be dismissed if she again refuses to do so.

---

[2] The only case within the Sixth Circuit that Premier cites is *Farmer v. Parker*, No. 1:18-cv-00068, 2019 WL 3934669 (M.D. Tenn. Aug. 20, 2019). (Doc. No. 18.) But in *Farmer*, the court had expressly warned the plaintiff that failure to respond to its show-cause order would lead to dismissal.

Premier requests, in addition to dismissal, that it be awarded "costs, expenses, and/or attorneys' fees . . . for having to bring [the motion to dismiss for failure to prosecute]" (Doc. No. 18, PageID# 145). Because McDonald is proceeding *in forma pauperis*, such a sanction is not appropriate at this time. *See Arnold v. Hutchison*, No. 16-cv-13403, 2017 WL 1684674, at *2 (E.D. Mich. May 3, 2017) (declining to award defendant attorney's fees and costs given plaintiff's *in forma pauperis* status). However, Premier may renew its request for fees and costs if McDonald again refuses to be deposed or if otherwise warranted at a later point in the litigation.

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that Premier's motion to dismiss under Rule 41(b) (Doc. No. 17) be DENIED and that McDonald be warned that her failure to participate in her deposition, should Premier elect to notice it again, may result in sanctions including the assignment of fees and costs and up to dismissal of this action. If the Report and Recommendation is adopted, the Magistrate Judge will extend the discovery period to allow McDonald's deposition.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 23rd day of October, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge